Morton B. Silberman, J.
Defendant moves for an order for dismissal of the indictment against him. Defendant contends that he was deprived of his right to testify before the Grand Jury, which returned the indictment against him and two other persons. Two codefendants have orally joined in the motion seeking the same relief upon the same grounds.
On May 17, 1966, defendant, by an information made in the Justices’ Court in the Town of Clarkstown, was charged with the felony of attempted grand larceny involving the alleged theft by defendant and his two codefendants of used automobile parts stored in a barn. On June 8, 1966, a preliminary hearing on said charge was held before Hon. William E. Vines, Justice of the Peace, Town of Clarkstown. Upon completion of the preliminary hearing to determine whether there was sufficient evidence for the matter to be referred to a Grand Jury, the Justice of the Peace held that there was insufficient evidence and dismissed the charges against the three defendants. The defendants were released from custody.
Within the next three weeks, and without any notice to the defendants, the District Attorney presented the same charge to a Grand Jury. On June 28, 1966 an indictment was returned against the defendants charging them with the felony of attempted grand larceny in the first degree.
The defendant has never been convicted of any crime. It is defendant’s contention that had he known that this charge, *417 which had been dismissed at the preliminary hearing, was to be presented to a Grand Jury, that he would have exercised his right to testify before the Grand Jury. He further contends that had he done so there is the strong probability that no indictment would have resulted. If the charge had not been dismissed at the preliminary hearing and the defendant had been held for the action of the Grand Jury, the defendant and his attorney would know that the ease would have to be presented to a Grand Jury. Accordingly, the defendant, by giving notice to the District Attorney, would have had the unquestionable right to testify before the Grand Jury under a waiver of immunity (Code Grim. Pro., § 250). The charge having been dismissed at the preliminary hearing and the District Attorney never having advised the defendant or his attorney that the charge was going to be presented to a Grand Jury, the defendant had no reason to believe that the charge would be presented to a Grand Jury. Defendant was therefore denied the opportunity to request that he be permitted to testify before the Grand Jury.
We often tend to forget that the history of the Grand Jury and the primary purpose of a Grand Jury is to protect the innocent from unjust prosecution. The Grand Jury system came into being hundreds of years ago for the very purpose of protecting individuals against oppression. This was at a time when the power of the Crown gave little consideration to rights of the citizen. The Grand Jury was established to assure that a citizen have the right to have his fellow citizens examine into a charge that the king might wish to prefer against him before he was actually put on trial. The Grand Jury was established to protect citizens against the misuse of government power. Under our laws it is the duty of the District Attorney to present to the Grand Jury all of the evidence relating to a crime and particularly such evidence as may tend to show that the person accused did not commit the crime. A person’s reputation can be greatly damaged by the mere handing up of an indictment, even though the indictment is subsequently dismissed or the person later is tried and acquitted. There is a stigma attached to an indictment that may forever tarnish the reputation of the one indicted.
To enable a person to defend himself against the return of an indictment, for many years there has been in our Code of Criminal Procedure a statute providing that a person who has reason to believe a Grand Jury is investigating a charge that he has committed a crime has the right to appear and testify on his own behalf before such Grand Jury. Section 250 of the Code of Criminal Procedure explicitly states: “ When any person has reason to believe that a grand jury is investigating a charge *418 that he has committed a crime, such person may as a matter oí right voluntarily file with the foreman of the grand jury and with the district attorney of the county, a request that hfe be heard in person before such grand jury with reference to such charge The section goes on to provide that on filing such request, the Grand Jury must permit the defendant to testify and give evidence on his own behalf upon condition that he execute a waiver of immunity. The statute further provides that if an indictment is found against such person, without having given such person the right to so testify, that the indictment shall be set aside by the court upon motion by the defendant.
In opposing this motion, the District Attorney takes the position that the defendant did not request that he be permitted to testify before the Grand Jury, and that there was no statutory duty on the part of the District Attorney to have advised the defendant that the charge which had been dismissed at the preliminary hearing was being submitted to the Grand Jury. The District Attorney gives no explanation or reason for presenting this same dismissed charge to the Grand Jury without informing defendant that the charge was being presented to the Grand Jury.
The court would agree that under said section 250 there is no mandate that the District Attorney inform a person that a charge against him is being submitted to a Grand Jury. The court however strongly believes that the spirit and the intent of this statute has been violated under the facts of this case. It is a solemn duty of the District Attorney to present all evidence bearing on the guilt or innocence of a person charged with a crime. How could this defendant have possibly known that this charge was being submitted to a Grand Jury unless he or his attorney were so informed by the District Attorney? Was not this defendant lulled into believing that the charge would not be presented to a Grand Jury by the fact that the charge had been dismissed at the preliminary hearing? Would not the Grand Jury have had a more complete picture of this charge if the defendant appeared and testified before the Grand Jury under a waiver of immunity? By testifying under a waiver of immunity, as required by the statute, the defendant gives up his constitutional right to remain silent and whatever testimony he gives beforé the Grand Jury can be used against him if he is indicted. The District Attorney and the Grand Jury would have had the benefit of learning from the defendant’s own mouth just what his testimony is and what his testimony could be expected to be at the time of trial in the event that the Grand Jury indicted him after hearing his testimony.
*419 There may well be certain types of cases on investigations initiated by a Grand Jury or by the District Attorney where by the very nature of the case disclosure of such investigation would be detrimental to the investigation and the prosecution. This will occur in cases dealing with conspiracies, corruption, extortion, bribery and similar crimes, where knowledge on the part of the person being investigated might frustrate the prosecution before an arrest is made. Where, however, a person has already been arrested before the case is presentd to a Grand Jury, such need for secrecy as against such defendant does not exist. In such case, the defendant knows that a formal charge has been made against Mm and will be presented to a Grand Jury, and he has the right, if he so chooses, to inform the Grand Jury of his desire to testify on his own behalf. If the charges against the defendant in this case had not been dismissed at the preliminary hearing, and the defendant had been held for the action of the Grand Jury, there would obviously be no duty on the part of the District Attorney to inform the defendant that the charge would be presented to a Grand Jury. Presentation of the charge to a Grand Jury would follow as a matter of course and the burden would be upon the defendant to request that Ms testimony be heard. This defendant may well have been better oft had the charge not been dismissed at the preliminary hearing, because he then would have known that the charge would have to be presented to the Grand Jury and he could have exercised Ms right to testify on his own behalf merely by requesting same. The relief requested by the defendant on this motion has been granted in similar situations in the following cases: People v. Rosen (74 N. Y. S. 2d 624); People v. Decker (11 A D 2d 600), and very recently in People v. Lazar (51 Misc 2d 233).
In the interest of justice and to assure to the defendant his right to have his testimony heard by a Grand Jury, and to insure the fair administration of the criminal law in our courts, the motion is granted. The indictment is set aside and the District Attorney is directed to resubmit the charge herein to the next impaneled Grand Jury. The District Attorney is directed to notify the defendant and his attorney of the date on wMch the case is to be submitted in order that the defendant may avail himself of the rights afforded to him under section 250 of the Code of Criminal Procedure. Similar notices shall be given by the District Attorney to the two other defendants and their respective attorneys.