Carrollton A. Roberts, J.
In February, 1967 defendant was arraigned before a Justice of the Peace of the Town of Manchester, Ontario County, New York, on a charge of burglary in the third degree, and, with his attorney present, waived examination pursuant to section 190 of the Code of Criminal Procedure and was ordered held for the Grand Jury of Ontario County to answer the charge.
Thereafter, the April 1967 Grand Jury returned an indictment against the defendant containing four counts of burglary in the third degree, one count of petit larceny, and one count of grand larceny in the first degree.
Defendant has moved to dismiss and set aside this indictment upon the grounds that his constitutional rights, both under the Constitution of the United States and the Constitution of the State of New York, had been violated. He claims that he was refused his constitutional right to be present before the Grand Jury at all times that the Grand Jury heard evidence *108 against him; that he was refused his constitutional right to have his counsel with him present before the Grand Jury at all times that the Grand Jury heard evidence against him; that he was refused his constitutional right to be allowed to cross-examine any witnesses presenting evidence against him before the Grand Jury either in person or by attorney; and that he was not notified of the presentation of witnesses against him to the Grand Jury, and was not allowed to make timely demand.
As to the last ground of claimed error it is sufficient to say that the defendant had actual knowledge in February, 1967, that his case would be presented to the Grand Jury, and therefore, had approximately two months to file his demand pursuant to section 250 of the Code of Criminal Procedure if he wished to appear before the Grand Jury. Where, as here, a person has already been arrested before the case is presented to the Grand Jury, the defendant knows that a formal charge has been made against him and will be presented to the Grand Jury, and he has the right if he so chooses to inform the Grand Jury of his desire to testify in his own behalf. (People v. Seward, 51 Misc 2d 415.) Only in exceptional circumstances (People v. Seward, supra; People v. Lazar, 51 Misc 2d 233) is there any authority to sustain defendant’s position. Such special circumstances are not present here. No claim is made in this motion that the statutes governing the formation and proceedings of the Grand Jury were not complied with. Indeed, had the defendant and/or his attorney been present before the Grand Jury, as he now claims they should have been, this court would have to set aside the indictment on defendant’s motion on the grounds that unauthorized persons were present during the sessions of the Grand Jury. (Code Crim. Pro., § 313; People v. Minet, 296 N. Y. 315.)
Section 6 of article I of the New York State Constitution states in part: “ No person shall be held to answer for a capital or otherwise infamous crime [with certain exceptions not here applicable], unless on indictment of a grand jury, and in any trial in any court whatever the party accused shall be allowed to appear and defend in person and with counsel as in civil actions and shall bo informed of the nature and cause of the accusation and be confronted with the witnesses against him. ’ ’
The Fifth Amendment to the United States Constitution provides in part: “No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury”.
*109 The Sixth Amendment to the United States Constitution reads in part: “ In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense. ’ ’
New York State constitutional provisions requiring indictment by Grand Jury and trial by petit jury of persons charged with “infamous crimes ” relate to those crimes where punishment might be in a State’s prison or for longer terms than one year in any prison (People v. Bellinger, 269 N. Y. 265).
A Grand Jury proceeding is not a trial. The purpose of a Grand Jury inquiry is to ascertain facts which will enable it to determine whether formal charges should be made against someone and not to try offenders.
The Grand Jury is a grand inquest, a body with powers of investigation and inquisition (Matter of Inter-City Assoc., 207 Misc. 1012). Our whole legal concept of the Grand Jury is that it is not a body engaged in determining .the issue of defendant’s guilt or innocence, but rather, being an inquisitorial body of citizens charged with the duty under law of conducting its own investigation into all .crimes within its jurisdiction, without disclosure of its activities, and subject only to the requirement of law relating to the quality and sufficiency of evidence adequate to warrant indictment. (People ex rel. Mleczko v. McCloskey, 33 Misc 2d 175.)
Mr. Justice Black stated in Matter of Oliver (333 U. S. 257, 264-265): ‘ ‘ Grand Juries investigate, and the usual end of their investigation is either a report, a “ no bill”, or an indictment. They do not try and convict. They render no judgment. When their work is finished by the return of an indictment, it cannot be used as evidence against the person indicted. Nor may he be fined or sentenced to jail until he has been tried and convicted after having been afforded the procedural safeguards required by due process of law.”
As under New York State law, title 18, rule 6 (d) of the Federal Rules of Criminal Procedure restrict the persons who may be present during a Grand Jury investigation, as follows: “ Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting. ’ ’
*110 Defendant seeks to extend the rule enunciated by the Supreme Court of the United States in Escobedo v. Illinois (378 U. S. 478), and Massiah v. United States (377 U. S. 201), and Gideons. Wainwright (372 U. S. 335), Miranda v. Arizona (384 U. S. 436) and other recent decisions of that court, to cover the situation here present. This court does not read those cases in such light. All of the holdings of the United States Supreme Court on the constitutional right to counsel before trial are based on protection against self incrimination by in-custody interrogation, a situation not here present.
Defendant also seeks to extend the recent ruling of the United States Supreme Court in United States v. Wade (388 U. S. 218) to the present situation. A thorough reading of that case discloses that it has no application to the situation now before the court. As was said in United States v. Wade (supra, p. 224) “ In contrast, today’s law enforcement machinery involves critical confrontation of the accused by the prosecution at pretrial proceedings where the results might well settle the accused’s fate and reduce the trial itself to a mere formality. ’ ’
And at page 225: “ In Escobedo v. Illinois, 378 U. S. 478, we drew upon the rationale of Hamilton [v. Alabama, 368 U. S. 52], and Massiah in holding that the right to counsel was guaranteed at the point where the accused, prior to arraignment, was subjected to secret interrogation despite repeated requests to see his lawyer.”
And further at page 226: “It is central to that principle [right to counsel] that in addition to counsel’s presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution ’ ’.
And finally, at page 227: “In sum, the principle of Powell v. Alabama and succeeding cases requires that we scrutinize any pretrial confrontation of the accused to determine whether the presence of his counsel is necessary to preserve the defendant’s basic right to a fair trial * * * It calls upon us to analyze whether a potential substantial prejudice to defendant’s rights inheres in the particular confrontation and the ability of counsel to help avoid prejudice.”
In all of the foregoing quotes it is to be observed that the court speaks of the confrontation of the accused. Of course, in this proceeding there was no such confrontation. The precise point at issue was treated by Mr. Chief Justice Warren in Hannah v. Larche (363 U. S. 420, 448 — 449) where he said: “Having considered the procedures traditionally followed by executive and legislative investigating agencies, we think it *111 would be profitable at this point to discuss the oldest and, perhaps, the best known of all investigative bodies, the grand jury. It has never been considered necessary to grant a witness summoned before the grand jury the right to refuse to testify merely because he did not have access to the identity and testimony of prior witnesses. Nor has it ever been considered essential that a person being investigated by the grand jury be permitted to come before that body and cross-examine witnesses who may have accused him of wrongdoing. Undoubtedly, the procedural rights claimed by the respondents [apprisal, confrontation, and cross-examination] have not been extended to grand jury hearings because of the disruptive influence their injection would have on the proceedings, and also because the grand jury merely investigates and reports. It does not try.”
Mr. Justice Reed in Matter of Groban (352 U. S. 330, 333) said much the same thing when he said: “ A witness before a grand jury cannot insist, as a matter of constitutional right, on being represented by his counsel ’ ’.
In view of the foregoing it is apparent that defendant’s constitutional rights have not been violated. He had opportunity to confront the witnesses against him at the preliminary hearing to which he was entitled under section 190 of the Code of Criminal Procedure. He had the right to have the witnesses examined in his presence and to cross-examine them pursuant to section 195 of the Code of Criminal Procedure, and he had the right under, section 194 of the Code of Criminal Procedure to have subpoenas issued for any witnesses which he required.
All of the foregoing, in the presence of counsel, he waived.
Now, in the event of a trial, he is entitled to a copy of each witness’ testimony given before the Grand Jury (People v. Rosario, 9 N Y 2d 286; People v. Jaglom, 17 N Y 2d 162).
Of course, he is also entitled to all of the constitutional, both State and Federal, rights accruing to him as well as those given him by section 8 of the Code of Criminal Procedure and other statutes.
The motion is in all respects denied.