Alexander W. Kramer, J.
Defendant is charged with a violation of section 600 of the Vehicle and Traffic Law (leaving the scene of an accident without reporting). Previously a motion to dismiss was granted by a Judge of this court. (People v. Bishop, 64 Misc 2d 147.) Thereafter the case was presented by the District Attorney to the Grand Jury asking for an indictment for criminally negligent homicide. The Grand Jury refused to indict and directed the District Attorney to file a new information charging the defendant with a violation of section 600 of the Vehicle and Traffic Law. The Grand Jury *890 recommendation was approved upon an order of the County Court signed by Hon. Gordon M. Lipetz. Subsequently, a new information was filed in this court by the District Attorney pursuant to the County Court order.
Defendant moves to dismiss on the same grounds and for the same reasons that the first information was dismissed. The opinion of the court upon the original motion reasoned that the information was insufficient because probable cause was not established. The language in the first information was to the effect that the grounds for the policeman’s belief was “ an oral conversation had with Ptl. T. Bourie * * * in which he stated ‘ I responded to an accident at Rte. 25A, Smithtown and found Thomas Sullivan had been struck by an unknown vehicle, said unknown vehicle not being at the scene.’ And, the oral conversation had by your deponent with Clifford Bishop in which he stated, ‘ on May 10,1970 I was driving my 1961 Volkswagon Sedan on Rte. 25A, when I got home I checked my car and saw all the damage but I didn’t remember hitting anything.’ And an investigation conducted by your deponent.” The court felt in its decision upon the first motion that there was not .enough supporting evidence to sustain the first information. There was nothing substantial in the first information to connect the defendant with the commission of the crime.
The new information is not any more explicit than the first. It is based on information and belief and the County Court order issued pursuant to section 61 of the Code of Criminal Procedure.
When a Grand Jury directs the District Attorney to file an information in the District Court, it would seem that they have impliedly found probable cause to believe that a crime has been committed. It must be assumed that when a charge is presented to the Grand Jury, an investigation ensues and testimony is taken, and evidence studied. The purpose of a Grand Jury inquiry is to ascertain facts which will enable it to determine whether formal charges should be made against someone. (People v. Van Dusen, 56 Misc 2d 107.) The Grand Jury itself is an inquisitional body of citizens charged with the duty under the law of conducting its own investigation into all crimes within its jurisdiction, without disclosure of its activities and subject only to the requirement of law relating to the quality and sufficiency of evidence adequate to warrant indictment (People v. Van Dusen, supra). While it is true that in the case at bar an indictment was not handed down, the Grand Jury after examining the evidence and testimony during its investigation *891 found that there was sufficient proof to warrant the filing of a new information. The direction of the Grand Jury was approved by the County Court Judge, and he presumably considered the sufficiency of the evidence before the Grand Jury. (See Matter of Innes v. Cosgrove, 263 App. Div. 880, affd. 288 N. Y. 700.)
Therefore, this court concludes that, when the Grand Jury directed the filing of a new information, and that order was approved by the County Court Judge, the defect in the original information was cured; probable cause was impliedly established.
The motion to dismiss is accordingly denied.
This matter shall be restored to the Trial Calendar of this court on May 10, 1971.