Richard C. Delin, J.
The defendants move this court for an order dismissing these indictments on the grounds that:
1) the evidence before the grand jury was legally insufficient to support the crimes alleged (CPL 210.20, subd [1], par [b]);
2) the grand jury proceeding was defective due to the District Attorney’s failure to instruct the jurors as to an affirmative defense (CPL 210.20, subd [1], par [c]; and
3) dismissal is required in the interests of justice (CPL 210.40).
The court has inspected the grand jury minutes which disclose the following: after ascertaining that the Ferrara family was absent, and while Michael Smyth acted as lookout, James Robertson and Matthew McCarson broke a door security device and invaded the defendants’ home. Once inside, each went to a separate room and executed a carefully planned scheme to steal. The fruits of the criminal enterprise included a coin collection and cash. The exact amount stolen is difficult to determine, if only because neither burglar was honest with the other as to the nature of his larcenous gain. The defendants discovered the identity of the thieves and threatened to turn them over to the police unless a certain sum of money was received.
The self-confessed felons testified under immunity before *271 the grand jury and their victims stand accused by the indictments herein of grand larceny by extortion and compounding a crime.
The District Attorney concedes that if the defendants reasonably believed that the money demanded was due them as restitution or indemnification for the harm caused, then they would be guiltless in the eyes of our law (see Penal Law, §§ 155.15, 155.45). But the People contend that they are not obliged to instruct the grand jurors as to an affirmative defense, although they candidly state that an indictment would have been improbable had it been charged in this case.
The issue here is whether an indictment should be permitted to stand where certain evidence before the grand jury establishes an affirmative defense and the District Attorney fails to charge the jurors as to such affirmative defense. This court determines the issue in the negative.
We often tend to forget that the primary function of the grand jury is to act as a shield against unfounded accusations from any source. Courts in the past have held that this fundamental function is violated, and an indictment must be set aside, where the District Attorney fails to present exculpatory evidence during a grand jury proceeding. (People v Rosen, 74 NYS2d 624; People v Santoro, 63 NYS2d 615; People v Seward, 51 Misc 2d 415.) Where, as in this case, such evidence is presented, but the jurors are not instructed as to its nature or importance, the effect is the same as if it had been concealed from them, thus rendering the proceedings defective (CPL 190.25, subd [6]; CPL 210.35, subd [5]).
Accordingly, these indictments are ordered dismissed. The District Attorney’s request to re-present this case to another grand jury is granted.