Francis X. Smith, J.
Defendant moves to dismiss the indictment on the grounds that the People failed to present exculpatory evidence to the Grand Jury.
The defendant herein was indicted on December 12, 1975 and charged with the intentional murder of Juan Calil, a Queens resident. This indictment stemmed from a homicide committed on October 21, 1975 and which was allegedly viewed by the victim’s wife who identified the criminals.
A motion is now made to dismiss on the grounds:
(1) That the District Attorney has a positive obligation to present exculpatory evidence during the Grand Jury’s deliberations and the failure to present renders the indictment legally insufficient pursuant to CPL 210.20 (subd 1, par [b]);
(2) That the failure to present Brady evidence at an early stage of the judicial proceedings nullifies the value of such evidence and requires a dismissal in the interests of justice pursuant to CPL 210.20 (subd 1, par [i]).
The exculpatory evidence in this case allegedly arises from the fact that originally the victim’s wife indicated that she saw "a man” shoot her husband and then later testified that she saw specific men perform the homicide. The People concede that the witness appears to have made an inconsistent statement, but maintain that this testimony is evidentiary in nature and must be resolved at the trial. Hence, they maintain they had no obligation to present it at the time of the indictment.
At issue in this case is the question of whether the People must present exculpatory evidence during the Grand Jury presentation or immediately thereafter.
In considering the People’s obligation in this area, it must be pointed out that historically the Grand Jury is "part of the investigatory process and not the prosecution”. (People v Waters, 27 NY2d 553, 556.) It is "an inquisitorial body * * * charged with the duty under law of conducting its own investigation into all crimes within its jurisdiction”. (People v Van Dusen, 56 Misc 2d 107, 109.) The Grand Jury then starts all felony proceedings; it initiates the judicial process.
As an investigatory body its functions are twofold — it seeks to determine if a crime has been committed and who committed this crime. To resolve these questions, the Grand Jury may return , an indictment when (a) "the evidence before it is legally sufficient to establish that such person committed such *1069 offense and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense”. (CPL 190.65, subd 1.)
Traditionally, the District Attorney has discretion in the manner of presenting his case to the Grand Jury. He need only select those witnesses and those facts which most expeditiously establish a prima facie case. He is under no duty to present all of his evidence or engage in a dress rehearsal of his case. Yet this discretion is not unlimited. Under the law the District Attorney is the legal adviser of the Grand Jury. (CPL 190.25, subd 6.) As legal adviser he must "instruct the jury with respect to the significance, legal effect or evaluation of evidence”. (CPL 190.30, subd 6.) Obviously, a jury cannot evaluate evidence without being aware of the underlying facts comprising this evidence. Thus it follows that the statute must contemplate situations in which specific evidence must be presented to the Grand Jury. When would such situations arise? Logic would indicate that the District Attorney should introduce specific evidence in those situations where such evidence would be clearly material to the issues explored by that body. The Grand Jury is a fact-finding group and must have the necessary facts before it. Further, it would appear that in any case where there would be evidence so compelling as to legally cause the Grand Jury to consider an alternate action under CPL 190.60 the District Attorney would be equally obligated to introduce such evidence.
Applying the above reasoning to the facts of this case, the District Attorney is initially under no obligation to present exculpatory material on the Grand Jury level. There is nothing inherently sacred about Brady evidence. While it is true that the Supreme Court laid down the doctrine "that the suppression by the prosecution of evidence favorable to an accused * * * violates due process where the evidence is material” (Brady v Maryland, 373 US 83, 87) this constitutes no precedent for presenting this material at an early stage. The value of such evidence, like any other form of evidence, lies in its relevance and materiality.
This raises the second and more fundamental question. Is the exculpatory matter in this case so important as to materially influence the Grand Jury’s investigation or would its introduction possibly cause the Grand Jury to change its findings? The court has re-examined the Grand Jury minutes and finds that the answer must be in the negative. Witnesses *1070 grow confused; their testimony is frequently contradictory. However, the mere fact that a witness gives conflicting testimony (in the absence of bad faith or deliberate perjury) does not restrict the Grand Jury’s fact-finding role. Nor would it logically tend to change the Grand Jury’s ultimate determination. As the District Attorney points out, the conflicting testimony of the witness is a matter that can be resolved only during trial when all the circumstances surrounding that testimony may be thoroughly explored by both sides.
The defendant next seeks to have the indictment dismissed in the interests of justice. (CPL 210.20, subd 1, par [i] and CPL 210.40.) It is here contended that the Grand Jury minutes, read in conjunction with the conflicting testimony, create such legal uncertainty as to make the prosecution of this defendant unjust. In support of such claim, defendant contends that "where the District Attorney fails to present exculpatory evidence during a Grand Jury proceeding, an indictment must be set aside” and cites People v Ferrara (82 Misc 2d 270); People v Rosen (74 NYS2d 624); People v Seward (51 Misc 2d 415) and People v Santoro (63 NYS2d 615).
A review of the Ferrara case shows that the court ruled that where evidence before the Grand Jury established an affirmative defense, and the District Attorney failed to charge such defense, the indictment was defective. This decision was based on a violation of CPL 190.25 (subd 6), that is, a failure to properly instruct the jury and not in the interests of justice. In People v Rosen and People v Seward, the dismissal of the indictment was based on a failure of the District Attorney to allow the defendant to appear before the Grand Jury and obviously has no application to the instant case. In the final case, People v Santoro, the District Attorney discovered that a witness had perjured himself and dismissed the indictment in the interests of justice. Again, this is not the situation in the case at bar where, at present, it is just an inconsistent statement.
An analysis of these decisions furnishes no support for the proposition that a failure to promptly present exculpatory evidence early in the trial stage furnishes a basis for a dismissal in the interests of justice. This being the case, defendant’s application lacks merit under the criteria set down in People v Clayton (41 AD2d 204).
The defendant’s application is therefore denied in its entirety.