OPINION OF THE COURT
Loren N. Brown, J.
The defendants were each indicted in separate indictments for the class A misdemeanor crimes of obscenity in the second degree in violation of section 235.05 of the Penal Law. Defendants each stand accused of two counts of said crime in that *833 they allegedly presented two obscene films entitled "Baby Rosemary” and "Mary, Mary”.
By notice of motion and supporting affidavits dated January 24, 1978 and by supplemental affirmation dated March 27, 1978, the defendants move to dismiss the indictments on several grounds. The People oppose the motion by an answering affidavit dated February 8, 1978. The issue was argued before this court at its Special Term on February 24, 1978.
The court only considers one aspect of defendants’ motion and that is the motion for dismissal of the indictments upon the grounds that the Grand Jury returning said indictments was not properly instructed on the law. The Grand Jury minutes indicate that the District Attorney read section 235.05 of the Penal Law verbatim to the Grand Jury, defined "sodomy” for the Grand Jury and defined "prurient” for the Grand Jury. The Grand Jury, by the verbatim reading of section 235.05 of the Penal Law, was instructed that in judging whether the films were obscene they were to apply "contemporary community standards”. No further instruction was given relative to the term "community standards”. Logically, the Grand Jury could have applied the "community standards” of the Town of Moreau wherein the theatre is located or the County of Saratoga, or the State of New York, depending upon their own interpretation of the expression "community standards”.
It is well established that in judging obscenity, State-wide standards are the proper yardstick to be applied. (People v Heller, 33 NY2d 314.) The bare instruction offered by the verbatim reading of the pertinent section of the Penal Law allowed the Grand Jury to define the expression in accordance with its own determination of what "contemporary community standards” are and thereby "cultivate^] the provincial prejudice which the Court of Appeals sought to eradicate by directing that State community standards apply”. (People v Nitke, 45 AD2d 543, 546; People v Hausman, 82 Misc 2d 1032, 1036.)
Although the jury in the Hausman case was a petit jury, the same principles must be applied to the Grand Jury. (People v Mackey, 82 Misc 2d 766.)
It has been determined that failure to properly instruct the Grand Jury to the extent that absence of such instruction constitutes a prejudice to a defendant requires dismissal of the indictment. (People v Cunningham, 88 Misc 2d 1065, 1082; *834 People v Lawson, 84 Misc 2d 24, 28; People v Ferrara, 82 Misc 2d 270; People v Hargrove, 80 Misc 2d 317, 328.)
In view of the well-established law in these areas, the defendants are entitled to every protection made available by the determinations of the Supreme Court of the United States in Miller v California (413 US 15) and the Court of Appeals of New York State in People v Heller (33 NY2d 314, supra) including the absolute right to have the Grand Jury properly instructed as to the accurate definition of "community standards”.
For the afore-stated reasons the court dismisses the indictments against both defendants. The court finds it unnecessary to decide the various other motions presented.