*661 OPINION OF THE COURT
Robert W. Doyle, J.
Pursuant to a prior motion by the defendant, the prosecution has furnished to defense counsel a copy of the transcript of the testimony given before the Grand Jury by three alibi witnesses. Defendant alleges the cross-examination of these witnesses by the prosecution was designed to impeach such witnesses and was improper, unfair and prejudicial to the defendant. Defendant further alleges the Assistant District Attorney failed to instruct the Grand Jury concerning the effect of an alibi defense which is to make it clear that the defendant had no burden to establish his presence elsewhere. Defendant contends the conduct of the Assistant District Attorney so impaired the integrity of the Grand Jury proceeding as to render the indictment defective within the meaning of CPL 210.35 (subd 5) and moves for an order dismissing the indictment pursuant to said section.
The court has inspected a stenographic copy of the Grand Jury transcript. Such inspection does not reflect that the cross-examination of the defense witnesses was unfair or prejudicial. Each witness was allowed to testify fully concerning the events of the days in question and the cross-examination of such witnesses was both fair and reasonable considering the nature of their testimony. Accordingly, dismissal of the indictment upon this ground is not required.
As noted above, the defendant contends dismissal is also required because the Assistant District Attorney failed to instruct the Grand Jury concerning the effect of the alibi defense. In support of this contention, defendant cites People v Galuppo (98 Misc 2d 395), People v Ferrara (82 Misc 2d 270) and People v Karassik (90 Misc 2d 839).
The People contend the court in Galuppo ruled there was no error in the prosecutor not charging the Grand Jury with respect to the defense of lack of responsibility due to insanity. Not so. In that case, the defendant took umbrage at the prosecutor telling the Grand Jury that the psychiatric testimony offered by the defendant was not material. The court concurred with the People’s argument that the nature of the defense of mental disease or defect precluded its being the subject of Grand Jury consideration. The question considered in Galuppo was not so much the adequacy of instructions but whether it was proper for the District Attorney to tell the Grand Jury that it could not consider the defense of lack of *662 responsibility. As an aside, the court indicated its concurrence with the recent trend towards requiring a charge on affirmative defenses when the evidence so indicates.
The People point out that Karassik (supra) held that the affirmative defense of entrapment was not required to be charged to the Grand Jury. The court is constrained to agree that such was the holding therein but would add that the determination in Karassik must be limited to the facts of that case. That opinion also envisioned circumstances wherein instructions upon the subject of entrapment would be required of the prosecutor by stating (p 848): "In short, had this case involved an evidentiary fact pattern evincing a clear case of entrapment to such a degree that the interests of justice would have been undermined by a failure to so charge, this court would feel compelled to extend the doctrine of charging affirmative defenses to the Grand Jury to include entrapment. However, where, as here, the defense is viable but not pervasive, it is best left as a trial issue where defense counsel can weigh the advantages and disadvantages of raising it and the jury can make its decision on credibility based on the testimony of all the witnesses including the defendant.”
People v Ferrara (supra) provides a clear statement as to the requirement for charging an affirmative defense when the evidence so indicates. The People contend, however, the case at bar may be distinguished from Ferrara because the prosecutor in that case conceded an indictment would have been improbable had the jury been instructed upon the nature and significance of the affirmative defense. No similar concessions have been made by the prosecution in this case.
"Under the law the District Attorney is the legal adviser of the Grand Jury. (CPL 190.25, subd 6.) As legal adviser he must 'instruct the jury with respect to the significance, legal effect or evaluation of evidence’ ” (People v Filis, 87 Misc 2d 1067, 1069) and it has been determined that failure to properly instruct the Grand Jury to the extent that absence of such instruction constitutes a prejudice to a defendant requires dismissal of the indictment. (People v Kobjack, 93 Misc 2d 832.)
In addition to the finding of a defective Grand Jury proceeding for failure to instruct upon affirmative defenses (People v Ferrara, 82 Misc 2d 270, supra), courts of this State have found the same grounds for dismissal for failure to instruct on a host of other material legal issues. In People v Cunningham *663 (88 Misc 2d 1065, 1081, 1082) where the introduction of hearsay and other inadmissible evidence to develop leads during a Grand Jury’s "investigative phase” was held not to be improper, the court also said it was incumbent upon the prosecution to instruct the Grand Jury to disregard such evidence when deciding to vote an indictment.
People v Calbud, Inc. (66 AD2d 898) and People v Kobjack (93 Misc 2d 832, supra) held that defendants are entitled to have the Grand Jury instructed in obscenity cases as to the accurate definition of "community standards”. People v Hargrove (80 Misc 2d 317) and People v Adams (81 Misc 2d 528) required instructions that evidence of defendant’s prior convictions may only be considered on the question of defendant’s credibility, and in People v McWilliams (96 Misc 2d 648, 652) a weapon possession case, the court ruled that the indictment was defective because the prosecutor failed to instruct the Grand Jury regarding the "place of business” exception. The court held instructions are required in any case where a penal statute creates an exception limiting culpability and evidence presented to the Grand Jury raises the possibility that the exception applies.
Defendant has contended that the jury should have been charged that the defendant is not required to establish he was elsewhere at the time of the incident in question. The People answer that the Grand Jury was adequately advised at the time of impanelment of the burden to be met by the prosecution.
The credibility of the defense witnesses became an issue as a result of cross-examinations establishing that the four of them embarked upon a spree covering three States and involving indiscriminate drug abuse and multiple larcenies. The jury should have been instructed that the burden of proof of guilt never shifts from the People and that even if after analyzing the evidence given in behalf of the defendant the jury came to the conclusion that it was false, no inference of guilt could be drawn from the jury’s disbelief. (Cf. People v Perez, 54 AD2d 742; People v Cright, 47 AD2d 906; People v Leasure, 34 AD2d 688.)
The court has inspected a stenographic transcript of the impaneling court’s charge to the Grand Jury and found it to contain a generalized statement as to the prosecution’s burden of proof, but nothing specific therein concerning the nature and significance of the alibi defense. As a consequence, the *664 responsibility of giving the appropriate instruction devolved upon the prosecution (People v Valenti, 91 Misc 2d 669, 670-671) and it was left undischarged.
In view of the foregoing, defendant’s motion to dismiss the indictment as defective (CPL 210.35, subd 5) is granted and the indictment dismissed with leave to the People to submit the charges to another Grand Jury.
The defendant is deemed to be held for further Grand Jury action and cash bail heretofore fixed in the amount of $1,500 ordered continued pending resubmission of the case to the Grand Jury and the Grand Jury’s disposition thereof (CPL 210.45, subd 9).