OPINION OF THE COURT
Joseph Cohen, J.
This motion will be considered by this court as a motion to reargue this court’s opinion of May 5, 1980 and upon reconsideration the original opinion is adhered to and the motion denied.
In reconsidering, the court notes the following:
The main thrust of the defendant’s argument has to do with the People’s Brady obligation (Brady v Maryland, 373 US 83) vis-a-vis the Grand Jury.
Now what is the People’s Brady obligation in making a presentment to the Grand Jury?
In making a presentment to the Grand Jury, the prosecution has wide discretion. (United States v Kaplan, 554 F2d 958.) This discretion is not unbounded though, for instance the prosecutor has a duty not to let a case go to trial when he knows the indictment is founded on perjury (United States v Basurto, 497 F2d 781), so too if he is in possession of evidence which clearly negates the defendant’s guilt, he must submit such evidence to the Grand Jury (United States v Narciso, 446 F Supp 252; People v Filis, 87 Misc 2d 1067).
The purposes of a Grand Jury proceeding are twofold. It seeks to determine if a crime has been committed and *848 who committed that crime. (People v Filis, supra.) The District Attorney, in his discretion as the legal advisor to the Grand Jury, calls witnesses, presents evidence and instructs on the law as to the significance of that evidence and as to how it may be legally interpreted. A Grand Jury proceeding however, is not a dress rehearsal for trial. (People v Filis, supra.) There is no right of cross-examinatian or introduction of evidence to rebut a prosecutor’s presentation (United States v Hata & Co., 535 F2d 508, cert den 429 US 828). There is no requirement that so-called exculpatory evidence be presented to the Grand Jury (People v Filis, supra), in fact in United States v Hata & Co. (supra, p 512) the Ninth Circuit specifically rejected “appellants’ contentions that the prosecution must present the grand jury with evidence it may have which would tend to negate guilt.”
As pointed out in People v Mitchell (40 AD2d 117), Brady v Maryland (supra) is not a case that dealt with Grand Jury evidence but trial evidence; and so long as the so-called exculpatory evidence is not suppressed by the prosecutor from introduction before the petit jury, Brady has been satisfied. This has been stated by Chief Justice Burger, then Judge (see United States v Chanen, 549 F2d 1306, 1311, cert den 434 US 825, citing Coppedge v United States, 311 F2d 128, cert den 373 US 946, and Loraine v United States, 396 F2d 335, cert den 393 US 933):
“[Pjublic Officers [i.e., prosecutors] are charged with a high duty to screen out unreliable witnesses but the critical and final place to detect perjury is on trial when the witness must face the accused before the world and expose himself to the rigors of cross examination and other hazards including contempt. * * *
“[T]he trial court did not err in refusing to invalidate a federal indictment because the Government did not produce before the grand jury all [the] evidence in its possession tending to undermine the credibility of the witnesses appearing before that body. Loraine was accorded the full protections of the Fifth and Fourteenth Amendments when, at the trial on the merits, he was permitted to expose all the facts bearing upon his guilt or innocence.”
*849 This different standard vis-a-vis the petit jury and the Grand Jury is further borne out in United States v Narciso (446 F Supp 252, supra), in which the court stated that it is sufficient if exculpatory material is aired before the petit rather than the Grand Jury, and by the Kaplan court (United States v Kaplan, 554 F2d 958, supra), in which the court stated that it could not presume exculpation as it could not presume materiality.
Therefore, it is this court’s opinion that so long as the defendant’s counsel is made aware of the exculpatory type evidence and the defendant is afforded the opportunity to have it aired before and weighed by the petit jury, he has not been denied due process in not having this evidence presented at the earliest stage of a criminal proceeding, and this motion must be denied.