opinion of the court
Benjamin Altman, J.
From the 11th century on in all Anglo-Saxon criminal proceedings against an accused, the prosecution had to show “its colors,” i.e., to provide a reasonable cause to believe the accused committed the offense. Today, in the instant case, the prosecution desires to change legal history.
The issue is (and perhaps it is one of first impression): does the prosecution in a Grand Jury proceeding have the initial steps or burden of moving forward to present its accusatory witnesses against the defendant?
The statement of facts is not disputed.
The defendant was arrested on January 9, 1982, and charged with the crimes of assault in the second degree, criminal possession of a weapon in the fourth degree and resisting arrest. On January 10, 1982, the defendant was arraigned in Part AR3 and defense counsel served written notice on the People that the defendant wished to testify before the Grand Jury pursuant to GPL 190.50 (subd 5, par [a]). On January 26,1982, the defendant waived a preliminary hearing upon the felony complaint. On March 5,1982, the defendant, with his counsel, appeared to testify before the Grand Jury at the scheduled time. Defense counsel then inquired if any of the People’s witnesses had testified. When the District Attorney refused to answer the inquiry, *652 the defense counsel made this application requesting the court order the People to present its witnesses first to the Grand Jury. The People contend that there is no legal requirement that this information be disclosed to counsel and that the order in which any witnesses testified before the Grand Jury in connection with a felony complaint is within the discretion of the District Attorney. The defense says that the Grand Jury proceedings in respect to a felony complaint follow all other procedural criminal proceedings and that this means that the People have to move first and establish a prima facie case before the defendant desires to exercise his statutory right to testify.
The People’s practice before the Grand Jury is to make an introductory statement about the case and to state that at the end of the presentation the People will ask for an indictment of the felony complaint, citing the various sections of the Penal Law under which it will be asking for charges against the defendant. This presentation is made before any witnesses appear. When the defendant appears (whenever he appears) before the Grand Jury, he makes a statement and then the District Attorney questions him — in effect cross-examines him. Counsel is present but can say nothing, in front of the jury. It is entirely conceivable that after cross-examining the defendant, although unlikely, that the People would not have need of presenting any of its major witnesses at all to the Grand Jury.
The People should be mindful that in its opening charge to a newly sworn Grand Jury, the Supreme Court Justice tells it that “an indictment is authorized only when there is sufficient legal and competent evidence before it to provide the Grand Jury with a reasonable cause to believe the accused committed the offense.” Citing CPL 190.50, what the People are saying, in effect, is even before it had to provide the Grand Jury with sufficient legal and competent evidence, with reasonable cause to believe the accused committed the alleged offense, the defendant could be forced to testify if he wanted to enforce his statutory right.
CPL 190.30 (subd 1) states: “Except as otherwise provided in this section, the provisions of article sixty, governing rules of evidence and related matters with respect to *653 criminal proceedings in general, are, where appropriate, applicable to grand jury proceedings.”
As aptly pointed out by the defendant, CPL article 60 in respect to the rules of evidence as to order of proof does not provide for any particular exceptions to the Grand Jury proceedings so as to give the District Attorney the right to call the defendant any time.
The People say there is no burden of going forward; the court disagrees. The People insist that procedural rules must be followed by the defendant; the court agrees. The procedural rules are that the People have to put in a prima facie case in a trial and also have to do the same thing in the Grand Jury.
CPL 190.55 (subd 2, par [a]) states:
“2. District attorneys are required or authorized to submit evidence to grand juries under the following circumstances:
“(a) A district attorney must submit to a grand jury evidence concerning a felony allegedly committed by a defendant”.
The language in CPL 190.55 (subd 2, par [a]) is readily understandable, plain, clear and concise.
It has been said that if the District Attorney does not submit evidence before the Grand Jury to create a prima facie case against the accused, there is no need for the defendant to testify at all. (See Black’s Law Dictionary in defining prima facie case.)
The People do have “wide discretion” in making its presentment to the Grand Jury (citing People v Perez, 105 Misc 2d 845) but its “wide discretion” is in presenting any of its witnesses. This does not include the defendant in its “wide discretion.”
Since the 11th century certain procedural principles have been tenaciously upheld; now in the late 20th century this court will not let the prosecution turn back the clock 1,000 years.
As to this case, the court orders a re-presentment by the prosecution to the Grand Jury first of its witnesses, and *654 then if the defendant desires to avail himself of his statutory right to testify he can do so.