OPINION OF THE COURT
Allan L. Winick, J.
Defendant was indicted by the Grand Jury of Nassau County and charged with the crime of robbery in the second degree. Defendant moves by omnibus motion for multiple relief. Upon motion and affirmation in support by defendant and affirmation in opposition by the People, the court orders as follows:
(1) Defendant’s request for leave to inspect the Grand Jury minutes and for an order dismissing the indictment after such inspection is denied as the court finds release of the minutes unnecessary for determining the motion to dismiss. The court, after careful inspection of the Grand Jury minutes, similarly denies an order of dismissal of said indictment because evidence as to this charge was sufficient to meet the standards set forth in CPL 190.65 (subd 1): “Subject to the rules prescribing the kinds of offenses which may be charged in an indictment, a grand jury may indict a person for an offense when (a) the evidence before it is legally sufficient to establish that such person commit *1037 ted such offense and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense.”
Defendant contends that, with respect to certain alibi witnesses who testified before the Grand Jury, the Assistant District Attorney should have charged the Grand Jury that it is the People who have the burden of disproving the alibi defense beyond a reasonable doubt. Further, if this alibi evidence, when taken into consideration with all the other evidence in the case, creates a reasonable doubt as to the guilt of the defendant, then the defendant should not be indicted for the offenses charged in the indictment. The People answer that the evidence before the Grand Jury was sufficient to sustain the indictment.
The Assistant District Attorney’s charge to the Grand Jury, although containing nothing concerning the nature and significance of the alibi defense of defendant, sufficiently apprised the Grand Jury of the necessary elements of the crime charged. In this instance, the absence of instruction to the Grand Jury on evidentiary rules concerning the defendant’s alibi defense did not impair the integrity of the' proceeding or risk prejudice to the defendant. (GPL 210.35, subd 5; see People v Calbud, Inc., 49 NY2d 389, 395.) There were no erroneous or misleading instructions.
As noted by the Court of Appeals in People v Calbud, Inc. (supra, at p 394): “The primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution”. The court went on to say: “The Grand Jury is not, of course, charged with the ultimate responsibility of determining the guilt or innocence of the accused * * * That duty, in our system, resides with the petit jury, which has the obligation of assessing the evidence in light of the applicable legal rules and determining whether the People have proven the guilt of the accused beyond a reasonable doubt” (p 394).
In the case at bar, the Assistant District Attorney’s omission of information which would be essential for the petit jury’s determination of guilt, is not essential to the *1038 Grand Jury’s less exacting responsibility of determining whether a prima facie case exists.
This court does not agree with the holding in People v Tucker (101 Misc 2d 660), wherein the trial court dismissed an indictment because the charge to the Grand Jury contained only a generalized statement as to the prosecution’s burden but nothing specific therein concerning the nature and significance of the alibi defense.
This court does not ascribe to the theory that an alibi defense is similar to an affirmative defense.
There has been a tendency toward dismissing indictments for failure to advise a Grand Jury of the nature and effect of an affirmative defense. (See People v Ferrara, 82 Misc 2d 270.)
This court has had occasion to dismiss an indictment for failure to explain that a statutory presumption was rebut-table and could be disregarded. (People v Jobson, 119 Misc 2d 985.)
These decisions are grounded upon the consequent misleading of the Grand Jury as to the substantive law applicable to the case and the likelihood that no true bill was likely to have resulted if the omission was supplied.
Such is not the case with alibi testimony. This kind of evidence at the Grand Jury level goes only to the determination of reasonable cause. Its evidentiary weight and the burden of the People at the trial level is a different matter. The Grand Jury will not be misled as to the substantive law applicable to the facts presented nor will it be unduly influenced in its determination of reasonable cause by considering it as the same as any other testimony. No prejudice results to the defendant. (People v Calbud, Inc., supra.)
“[I]t [is] sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime.” (People v Calbud, Inc., supra, at pp 394-395.)
Such is the case at bar and the indictment will stand.
The Grand Jury need only determine if there is reasonable cause to believe the accused committed a crime. This *1039 burden does not require that the People disprove an alibi defense. Neither do the People have to prove anything to the Grand Jury beyond a reasonable doubt. Reasonable cause and beyond a reasonable doubt are vastly different standards of proof, the latter being weightier than the former.
An alibi witness at the Grand Jury is no different than any other witness at that stage of the prosecution. That body may consider such testimony the same as any other. But it also has the right to refuse to hear such a witness (CPL 190.50, subd 3). It is not logical to require it to weigh such evidence any differently than any other when it even can decline to hear the evidence. The motion to dismiss the indictment is denied.
(2) Defendant’s request for a Wade hearing is granted upon consent and shall commence immediately before trial.
(3) Defendant’s request for a Sandoval hearing is granted upon consent and shall commence immediately before trial. Pursuant to the court’s decision in People v Chestnut (121 Misc 2d 217), the People shall furnish to the defendant a list of any prior immoral or vicious acts of the defendant known to the District Attorney upon which he intends to rely in the event the defendant takes the witness stand in his own behalf. The obligation of the People to furnish such information to the defendant shall be a continuing one.
(4) Defendant’s request for exculpatory material is denied as being moot. The District Attorney denies the existence of the same in his answering affidavit but if any such material is discovered by the District Attorney, the defendant shall be advised and provided with copies of same. (Brady v Maryland, 373 US 83.)