■ The People of the State of New York, Respondent, v Linda Whitaker, Appellant.—Judgment of the Supreme Court, New York County (Frederic Berman, J.), rendered on August 25, 1988, convicting defendant, after trial by jury, of grand larceny in the fourth degree (three counts) and criminal possession of stolen property in the fourth degree (three counts) and sentencing her, as a predicate felon, to six concurrent terms of 2 to 4 years' imprisonment, unanimously affirmed.

On the afternoon of December 27, 1987, two security guards observed defendant and Oscar Peterson opening car trunks, taking items and placing them in the duffel bags which each of them was carrying. The police arrived and arrested defendant and Peterson. Peterson, who had pleaded guilty, testified at defendant's trial that he alone committed the crimes charged.

In an attempt to show that the evidence was vouchered as having been recovered solely from Peterson, defense counsel questioned arresting Officer Bello about the typed voucher form. Only Peterson's name appeared on the line for the prisoner's name, and above the listed property, the form

stated "which perpetrator was in possession of." Officer Bello explained that he had not typed the voucher form which stated "perpetrator", but that he had written a "scratch" voucher. The court allowed counsel to cross-examine Bello about the destruction of his original notes. Counsel elicited from Bello that he had thrown away his handwritten voucher, which differed from the typed version in that Bello had used the abbreviation "perp", whereas in the typed voucher, someone had filled out the word "perpetrator". Asked if he noticed that the typed voucher said "perpetrator" and not "perpetrators", Bello responded, "I wrote it the way it's written anyhow, so it's actually the way I noticed." In summation, counsel reminded the jury that Officer Bello had vouchered the evidence only as to Peterson.

On this appeal, defendant contends that her conviction should be reversed and a new trial ordered since the court failed to impose a sanction for the People's failure to turn over Bello's handwritten voucher, which defendant alleges constituted *Rosario* material (CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). However, since counsel failed to request a sanction, defendant's argument is unpreserved (CPL 470.05 [2]), and we decline to review in the interest of justice. In any case, since the handwritten voucher contained the same information as the typed version, it was exempt from the *Rosario* rule as the "duplicative equivalent" of the typed voucher which was turned over to the defense *(People v Consolazio,* 40 NY2d 446, 454, *cert denied* 433 US 914). Concur—Ross, J. P., Rosenberger, Asch, Kassal and Rubin, JJ.