OPINION OF THE COURT
Charles J. Thomas, J.
Defendant moves, pursuant to CPL 210.20 (1) (c), (h) and 210.35 (5), to dismiss the indictment on the grounds that the *298 prosecution failed to provide the Grand Jury with certain Brady material.
Defendant was arrested and charged in Criminal Court with robbery in the first degree. Prior to the case being presented to the Grand Jury, defendant’s attorney informed the Assistant District Attorney assigned to the case that she was in possession of a letter written and signed by the complainant which stated: "On November 12, 1990, I was called down to 113th Precient [sic] to pick someone out of a lineup which now I reliase [sic] there was a mistake, he was not the right guy. I know that because I have seen the right guy on the streets. I am writing this letter volontry [sic] because I don’t want an innocent person in jail for my mistake.” Defense counsel then discussed the matter at length with members of the District Attorney’s office.
After interviewing the complainant, the People took the position that in light of the circumstances by which it was obtained, the letter was "highly questionable” and the "alleged Brady material unreliable, and accordingly evidence of this statement was not presented to the Grand Jury.”
Whether or not evidence, which constitutes Brady material, must be presented to the Grand Jury depends on whether it would "materially influence the Grand Jury investigation” (People v Monroe, 125 Misc 2d 550, 558-559). It is not a question of whether the result "would” be different but whether such evidence could "possibly cause the Grand Jury to change its findings” (People v Filis, 87 Misc 2d 1067, 1069).
It is clear that initially the District Attorney is under no obligation to present exculpatory material to the Grand Jury (People v Monroe, supra, at 558). However, in exercising his discretion as to what evidence should be presented to the Grand Jury, the prosecutor must keep in mind that the Grand Jury is meant to be a "buffer between the State and its citizens, protecting the latter from unfounded and arbitrary accusations”. (People v Calbud, Inc., 49 NY2d 389, 396.) In deciding whether exculpatory material was wrongfully withheld from the Grand Jury’s consideration, the court must balance the prosecutor’s right to exercise his discretion as to what material should be presented with the Grand Jury’s right to hear the full story and make an independent decision.
In this case the exculpatory material at issue directly involved the identification of the alleged perpetrator of the crime which is certainly a critical issue in the case. Addition *299 ally, a review of the minutes of the Grand Jury proceedings reveals that numerous questions were asked of the complainant regarding the identity of the person complainant picked out of the lineup. Whether this was the result of some uncertainty by the complainant regarding the identification in this case, or a reluctance to proceed because of some outside pressures or simply a language barrier, the court cannot be certain. Therefore, the court believes that such a determination should be made by the Grand Jury, after further inquiry with all the material evidence before it.
Accordingly, the indictment is dismissed with leave to represent this matter to another Grand Jury in accordance with the foregoing.