■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM STEPTEAU, Appellant.—Judgment, Supreme Court, New York County (Herbert I. Altman, J., on motion to dismiss; Eugene Nardelli, J., at pre-trial hearing; and Joan B. Carey, J., at trial and sentence), entered June 19, 1986, convicting defendant, after a jury trial of the crime of attempted robbery in the third degree (Penal Law §§ 110.00, 160.05), and sentencing him, as a second felony offender, to an indeterminate prison term of from two to four years, is affirmed.

Early in the afternoon of July 8, 1985, defendant was arrested, in the vicinity of 125th Street and Fifth Avenue, New York County, for the attempted robbery of Mr. Muhammed Taib. Thereafter, by indictment, number 6294/85, filed October 11, 1985, a Grand Jury charged defendant with committing the crime of attempted robbery in the third degree. Following arraignment, defendant entered a plea of not guilty to that indictment.

Subsequently, defendant moved (CPL 210.35 [5]) to dismiss the indictment as defective, on the ground that, after he had given notice to the People of his desire to testify before the

Grand Jury, the defendant was called to testify as the first witness. On January 17, 1986, Justice Altman denied that motion. Thereafter, on May 16, 1986, Justice Nardelli denied defendant's motion to suppress post-arrest statements.

On or about May 27, 1986, a jury trial commenced, resulting in the defendant being found guilty of the crime of attempted robbery in the third degree, and thereafter, he was sentenced as indicated *supra*. Defendant appeals.

Defendant contends, in substance, that the Motion Court erred by denying his motion to dismiss the indictment, since, when he was called to testify first before the Grand Jury, it violated his right to due process.

Our review of the record indicates that, prior to the filing of the original indictment, defendant notified the People of his desire to testify before the Grand Jury. In response, the People dismissed the original indictment, re-presented the matter to another Grand Jury, with the People calling the defendant as the first witness, and that Grand Jury returned a new indictment.

It is well settled law that "[t]he order in which witnesses are presented before the Grand Jury is a matter of procedure, within the supervisory jurisdiction of the court, who, together with the District Attorney, is a 'legal advisor' of the Grand Jury (CPL 190.25, subd 6)" *(Matter of Morgenthau v Altman,* 58 NY2d 1057, 1059 [1983]; *Matter of Kuriansky v Seewald,* 148 AD2d 238, 241 [1st Dept 1989], *lv denied* 74 NY2d 616 [1989]). Further, "[t]he People generally enjoy wide discretion in presenting their case to the Grand Jury" *(People v Lancaster,* 69 NY2d 20, 25 [1986], *cert denied* 480 US 922 [1987]). Applying this legal authority to the instant case, we agree with the Motion Court and find no merit to defendant's contention that his due process rights under CPL 210.35 (5) and CPL article 190 were violated, when he was called to testify first before the Grand Jury.

Without citation to any appellate legal authority, Justice Smith's dissent herein contends that "[t]o require the defendant to testify first in the grand jury runs counter to the very notion of an accusatory system and raises due process issues under both the State and Federal Constitutions". We disagree, since, unlike the dissent, we find that there is a vast difference between the role performed by the Grand Jury and the role performed by the petit jury in the Criminal Justice System. Repeatedly the Court of Appeals has pointed out that distinction.

In *People v Calbud, Inc.* (49 NY2d 389, 394 [1980]) that Court stated "[t]he primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution * * * The Grand Jury is not, of course, charged with the ultimate responsibility of determining the guilt or innocence of the accused * * * That duty, in our system, resides with the petit jury, which has the obligation of assessing the evidence in light of the applicable legal rules and determining whether the People have proven the guilt of the accused beyond a reasonable doubt". Further, "[a] Grand Jury proceeding is not intended to be an adversary proceeding, except to the limited extent that CPL 190.50 (subds 5, 6) gives a defendant or person about to be charged the right to testify and to request that persons designated by him or her be called to testify" *(People v Brewster,* 63 NY2d 419, 422 [1984]).

A significant and practical distinction is that before a petit jury, the defendant has a constitutional right to be present throughout the trial, and therefore he or she would hear the testimony of every witness. The defendant then has the right to evaluate the strength of the People's case, and decide whether or not he or she should testify. However, before a Grand Jury, the defendant does not hear the testimony of any other witness, and accordingly, the sequence with which the witnesses and or the defendant are called creates no prejudice against the defendant since defendant has no knowledge as to the strength, or lack thereof, of the presentation of the People's case to the Grand Jury. Therefore, to apply the order of proof of a criminal trial to a Grand Jury investigation is not mandated.

We agree with the dissent and it is obvious that the defendant has no burden to present anything to the Grand Jury. But it is just as obvious that a defendant, as in this case, can choose to appear, and subject himself or herself to the scrutiny applicable to any other witness before a Grand Jury.

Likewise we find without merit defendant's claim that the hearing court erred in denying admission into evidence of unspecified medical records relating to defendant's hospital admission, occurring sometime after defendant's post-arrest statements to the police. After our examination of the record, we further find that the hearing court did not abuse its discretion, by precluding evidence, which, defendant's own offer of proof indicates was irrelevant to defendant's state of

mind at the time he made his statement to the police *(see, e.g., People v Rodriguez,* 64 NY2d 738, 741 [1984]).

Further, we find without merit defendant's claim that the hearing court erred, by not imposing sanctions, in connection with the investigating officer's discard of his handwritten, "scratch", notes of defendant's post-*Miranda* statements. Our review of the hearing testimony of that officer indicates that, before discarding those notes, he promptly transcribed them to a formal typewritten investigative report. We have held that a police officer's handwritten notes, discarded after the information therein has been transferred to an official police report, are "exempt from the *Rosario* rule as the 'duplicative equivalent' * * * which was turned over to the defense" *(People v Whitaker,* 165 AD2d 775, 776 [1st Dept 1990], *lv denied* 76 NY2d 1025 [1990]).

Since the defense summation vigorously and graphically sought to bring into question the reliability of the People's witnesses, the prosecutor's summation comments on credibility constituted an appropriate response *(see, People v Marks,* 6 NY2d 67 [1959], *cert denied* 362 US 912 [1960]). Further, we find that the summation of the prosecution, taken in its entirety, constituted fair comment on the evidence, and did not deprive defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396 [1981]).

We have considered the other contentions of the defendant, and find them to be without merit.

Accordingly, we affirm. Concur—Sullivan, J. P., Kupferman and Ross, JJ.; Kassal and Smith, JJ., dissent, each in a separate memorandum as follows:

Kassal, J. (dissenting). I join with Justice Smith in dissenting on the ground that it is inherently unfair and violates fundamental notions of due process to require an accused to give his testimony to the grand jury before that body has heard one iota of evidence alleging his commission of a crime. This proposition is supported by the due process provision in United States Constitution Fourteenth Amendment and its analogue, New York Constitution, article I, § 6.

While the prosecution enjoys wide discretion in presenting its case to the grand jury, that which comprises the prosecution's case does not include the defendant and/or his evidence. *(People v Lancaster,* 69 NY2d 20, 25-26, *cert denied* 480 US 922; *People v Futia,* 113 Misc 2d 651.) Indeed, it is reasonable to conclude that, "if the District Attorney does not submit evidence before the Grand Jury to create a prima facie case

against the accused, there is no need for the defendant to testify at all." *(People v Futia, supra,* at 653.) The practice herein sanctioned by the majority not only permits the prosecutor to place "nonexistent evidence" before the grand jury through cross-examination of an accused regarding a crime yet to be established *(People v Monroe,* 125 Misc 2d 550, 555), but enables the tailoring of testimony and prosecutorial theory to meet any defenses set forth.

Smith, J. (dissenting). The grand jury proceeding was fatally flawed when the People required the defendant to testify first. I therefore dissent. I would reverse the conviction, rendered after a jury trial, for attempted robbery in the third degree in violation of Penal Law §§ 110.00 and 160.05. Because defendant has completed his sentence of 2-4 years as a second felony offender, I would dismiss the indictment. The original indictment occurred on July 11, 1985. Because defendant had not testified before the grand jury, that indictment was dismissed and the case scheduled for a new grand jury. When the defense attorney learned of the prosecutor's intention to have the defendant testify first, she requested that the court order the prosecution to put its witnesses on first. The court refused to do so and the defendant testified first. That court also denied defendant's motion to dismiss the second indictment on the grounds that he had been forced to testify first.

The determination here can have no effect on the prosecution or sentence of the defendant. He has already served his time. To the extent, however, that the problem may arise in the future, it should be addressed now.

To require the defendant to testify first in the grand jury runs counter to the very notion of an accusatory system and raises due process issues under both the State and Federal Constitutions. *(See, People v Futia,* 113 Misc 2d 651 [1982].) Defendant has no burden either in the grand jury or at trial. It is the prosecution that must submit evidence of a felony to a grand jury. (CPL 190.55 [2] [a].) It is the prosecution which must present "legally sufficient" evidence to establish that a defendant has committed an offense as well as "competent and admissible" evidence that provides "reasonable cause" to believe the defendant has committed a crime. (CPL 190.65 [1]; 70.10.)

Over the years the grand jury procedure has been criticized as being subject to the will of the prosecution. (2 LaFave and Israel, Criminal Procedure § 15.2 [1984].) There is no adequate reason for increasing the advantage the prosecution already has.