■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MACK, Appellant. [597 NYS2d 669] —Judgment, Supreme Court, New York County (Frederic S. Berman, J.), rendered May 20, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

Defendant's conviction arises out of his arrest in connection with the sale of drugs to an undercover police officer.

Defendant failed to object or take exception to the trial court's curative actions following the prosecutor's inadvertent elicitation of testimony regarding an alleged conversation between defendant and the undercover officer, and thus failed to preserve any issue of error for appellate review as a matter of law (People v Santiago, 52 NY2d 865, 866). Were we to review in the interest of justice, we would find defendant's claim of error to be meritless.

The trial court properly found that the delay in delivery of Rosario material did not prejudice defendant in any way, as he had previously received documents constituting the duplicative equivalent of the material in question (see, People v Whitaker, 165 AD2d 775, 776), and appropriately exercised its discretion in denying defendant's motion for a mistrial based on the alleged Rosario violation (People v Ortiz, 54 NY2d 288, 292). In any event, defendant's appellate argument is not, in reality, a Rosario violation claim at all. His argument now is prejudicial surprise as a result of the introduction in evidence of a photocopy of the buy money which contained a notation that did not appear on the copy furnished him before trial, and tended to buttress the People's case. The claim is unpreserved.

We have considered defendant's additional claims of error and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Nardelli, JJ.